IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS M. SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-782-MEF |
| ) | [WO] |
| ) | |
| OFFICER TOLIVER, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Thomas M. Savage ["Savage"], an inmate confined in the Montgomery County Detention Facility, contends that jailers deprived him of due process when they confiscated various items of personal property.

Upon review of the complaint, the court concludes that dismissal of this case is appropriate upon application of 28 U.S.C. § 1915A.[1]

## DISCUSSION

Savage complains that officers Toliver and Parks improperly confiscated his personal property "with no intention on returning it to its rightful belonger, which is the Plaintiff, ... thereby ... depriv[ing] the Plaintiff of Property, without afford[ing] the Plaintiff

---

[1] A complaint filed by a person incarcerated or detained is subject to screening in accordance with the provisions of 28 U.S.C. § 1915A. This section requires the court to dismiss a prisoner's civil action if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

due process...." *Plaintiff's Complaint - Court Doc. No. 1-2* at 3-4.[2] The court, however, discerns that "under no set of facts has [Savage] stated a constitutional violation." *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986).

> If the [personal property taken from the plaintiff] was not returned because of [the defendants'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [the defendants] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an "unauthorized intentional deprivation of property by a state [actor] does not constitute a violation of the Due Process Clause ... if a meaningful postdeprivation remedy for the loss is available." 104 S.Ct. at 3202, 82 L.Ed.2d at 407.

*Id*.

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Savage to seek redress for the loss of his personal property. *Ala. Code* § 41-9-60 *et seq*. (1982). Consequently, the plaintiff's allegation that defendants Toliver and Parks violated his due process rights when they confiscated his property, whether such resulted from negligence or an intentional act, "fails to state a claim" on which relief may be granted, *Rodriguez-Mora*, 792 F.2d at 1528, and the complaint is

---

[2] Under all facets of Alabama law, a county sheriff and his jailers act as state officers "when supervising inmates and otherwise operating the county jails." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates sheriff as member of State's executive department).

therefore subject to dismissal pursuant to the provisions of 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915A(b)(1).

It is further

ORDERED that on or before September 17, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge' Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge' Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 4th day of September, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE